IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLOS DAVILA,<br><br>                      Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Defendant. | 8:14CV109<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Reconsider (Filing No. 16) filed by Plaintiff Carlos Davila ("Davila"). Davila moves the Court to reconsider its Memorandum and Order (Filing No. 14) and Judgment (Filing No. 15) entered against Davila. For the reasons set forth below, the Motion will be denied.

## BACKGROUND

The Memorandum and Order on the Defendant United States of America's Motion for Summary Judgment (Filing No. 14 at 3-4) provides a summary of the procedural and factual background of this case, and that background discussion is incorporated into this Memorandum and Order by reference. In the Court's Order and Judgment, the Court denied Davila's Motion to extend, granted the Government's Motion for Summary Judgment, and dismissed Davila's Complaint and Motion for Return of Property, with prejudice. (Filing No. 14 at 11, Filing No. 15.) Davila now moves the Court to alter or amend its Judgment under Federal Rule of Civil Procedure 59(e).[1] The Government did not respond to Davila's Motion to Reconsider.

---

[1] Davila also references Nebraska Civil Rule 60.1. However, the Nebraska Civil Rules eliminated NECivR 60.1 in the 2010 amendments to the Civil Rules "because Federal rules do not mention motions for reconsideration." United States District Court for the District of Nebraska, *2010 Amendments to the*

**DISCUSSION**

Motions to reconsider provide "for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).[2] The Court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* The moving party must show that the evidence was discovered after the trial, that the moving party exercised due diligence to discover the evidence before the trial ended, that the evidence is material and not merely cumulative or impeaching, and that a new trial including the new evidence would probably produce a different result. *Id.* The Court reviews Davila's argument to determine whether the Judgment should be altered.

I.   **Davila's Claims Under Federal Rule of Criminal Procedure 41(g)**

Davila first argues the Motion for Summary Judgment should have deemed a motion for partial summary judgment. Davila argues that the Motion for Summary

---

*Local Rules - Summary of Changes* (2009) available in .pdf form at http://www.ned.uscourts.gov/attorney/local-rules, last visited October 28, 2014. Because Davila expressly references Fed. R. Civ. P. 59(e), the Court will construe Davila's Motion as one to alter or amend judgment.

[2] Although the Court in *Jones* was analyzing a motion brought under Fed. R. Civ. P. 60(b), the Eighth Circuit has stated that Rule 59(e) and Rule 60(b)(2) are "analyzed identically." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 n. 3 (8th Cir. 2006).

2

Judgment only requested summary judgment as to Davila's claims under 18 U.S.C. § 983(a)(3)(B), but not his claim under Federal Rule of Criminal Procedure 41(g). Thus, according to Davila, because the Government failed to address the Rule 41(g) claim in its Motion for Summary Judgment, the Government was only entitled, if at all, to partial summary judgment.

Under the circumstances of this case, Rule 41(g) does not provide a separate mechanism for Davila to recover property. Rule 41(g) provides, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Rule 41(g) is a mechanism to recover seized property, not forfeited property. *United States v. Sims,* 376 F.3d 705, 708 (7th Cir.2004); *United States v. Williams*, Case No. Crim. 03-95, 2012 WL 1988091, at *1 (D. Minn. June 4, 2012). As stated in the Court's previous Order, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified in part at 18 U.S.C. § 983(e), is the exclusive means to set aside a declaration of forfeiture under a civil forfeiture statute. 18 U.S.C. § 983(e)(5). Further, even before CAFRA was enacted, most courts held that claimants seeking return of property must do so through the administrative forfeiture procedure, and not a motion for return of property under Rule 41(g).[3] The Eighth Circuit has held that a motion under Rule 41(g) cannot be used to challenge antecedent civil forfeitures. *Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit,* 92 F.3d 648, 652 n. 4 (8th Cir.1996); *see also In re Harper,* 835 F.2d 1273, 1274 (8th Cir.1988) (holding that

---

[3] *See Frazee v. Internal Revenue Serv.,* 947 F.2d 448, 450 (10th Cir. 1991); *United States v. Price,* 914 F.2d 1507, 1511 (D.C.Cir . 1990); *In re Harper,* 835 F.2d at 1274; *United States v. White*, Case No. 07-0016-01-CR-W-DW, 2007 WL 1527005, at *2 (W.D. Mo. May 22, 2007).

.

3

the provisions now expressed in Rule 41(g) cannot be used to challenge the results of complete forfeiture proceedings), *abrogated on other grounds by United States v. Woodall,* 12 F.3d 791 (8th Cir.1993); *United States v. Irvin*, No. 4:05CR00054-01 JLH, 2010 WL 2105137, at *2 (E.D. Ark. May 25, 2010).

The uncontroverted evidence demonstrates that after notice and legal review, the property at issue in this case was administratively forfeited. (Filing No. 9-1 at ECF 2, ECF 102.) Notice of the seizure of the property was sent earlier to all known parties who might have an interest, and was published in a newspaper for the required period. (*Id.* at ECF 102.) After administrative review, the DEA issued a detailed written opinion, explaining its reasons for forfeiting the property, and sent its decision to Davila through his attorney. (*Id.* at ECF 103-106.) Through the administrative forfeiture review, Davila had an adequate remedy at law for return of the seized property. *See In re Harper,* 835 F.2d at 1274. Accordingly, the Court concludes that it was not manifestly unjust or erroneous for it to dismiss Davila's Rule 41(g) Motion when it granted summary judgment on Davila's claims arising under 18 U.S.C. § 983(e).

## II.     Davila's Failure to Respond

In the Court's previous Memorandum and Order, it concluded that the properly referenced material facts in the Government's brief were deemed admitted due to Davila's failure by to respond. (Filing No. 14 at 3); NECivR 56.1(b)(1) ("<u>Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.</u>"). Davila argues that NECivR 56.1(b)(1) does not apply to him because he did not respond to the Government's brief, *i.e.*, there was no "opposing party's response." Instead, Davila argues that NECivR 56.1(b)(2)

4

applies. Davila quotes a portion of a sentence in NECivR 56.1(b)(2) which states, "Failure to file an opposing brief *alone* is not considered confession of a motion." Davila apparently argues that this language prevents the Court from deeming the Government's properly referenced facts as admitted. However, the entirety of the sentence Davila cites provides: "Failure to file an opposing brief *alone* is not considered confession of a motion; however, nothing in this rule excuses a party opposing a summary judgment motion from meeting the party's burden under Federal Rule of Civil Procedure 56." NECivR 56.1(b)(2).

As stated in the Court's previous Order, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Davila did not meet this burden. Davila appears to confuse "confession of a motion" with confession of a fact. The Court did not grant summary judgment merely because Davila failed to respond. Rather, after considering the uncontroverted evidence and relevant law, the Court determined that the Government was entitled to summary judgment. The Court therefore concludes that its application of NECivR 56.1 was not manifestly erroneous or unjust.

### III.    Court's Jurisdiction to Review Claim or Petition

Davila claims that the Court should exercise its extremely limited equitable jurisdiction to review whether Davila submitted a petition or claim to the DEA. The Court previously determined that this issue was likely outside its jurisdiction because the property was already administratively forfeited. (Filing No. 14 at 9.) The Court concluded

that it need not make that determination because the only question was whether Davila had reason to know he needed to take further action to file a claim. (*Id.*) Even if the Court had jurisdiction to review whether Davila's submission to the DEA was a petition or a claim, the "decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. *In re $67,470.00*, 901 F.2d 1540, 1544 (11th Cir. 1990). Davila has not demonstrated that this case merits such extraordinary action. There is no evidence that the property was seized in callous disregard of Davila's rights, and Davila had an adequate remedy at law through the administrative forfeiture proceedings. *See id.* at 1545. Accordingly, as held before, the Court will not review whether Davila's original submission to the DEA was a petition or a claim.

## CONCLUSION

For the reasons stated, Davila has not shown any manifest errors of law or fact in the Court's previous Memorandum and Order, nor has he presented newly discovered evidence. Accordingly,

IT IS ORDERED: the Motion to Reconsider (Filing No. 16) filed by Plaintiff Carlos Davila, is denied.

Dated this 28th day of October, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

6